CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 25 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY LORENZO WATKINS, | ) |
| Plaintiff, | ) Case No. 7:10CV00271 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| ALBEMARLE-CHARLOTTESVILLE REGIONAL JAIL, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff Anthony Lorenzo Watkins, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Watkins alleges that while confined in the Albemarle-Charlottesville Regional Jail (the jail), he slipped in some water and fell, injuring his head and shoulder. Upon review of the record, the court finds that the complaint must be dismissed.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As a preliminary matter, plaintiff cannot maintain his action against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 892 (E.D. Va. 1992). As the jail is the only defendant that Watkins has named, his complaint must be dismissed.

In any event, his allegations are insufficient to state any actionable claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant official acted with deliberate indifference toward the risk of harm—that he was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew such an inference, and that he failed to take "reasonable measures" to alleviate the risk. Farmer v. Brennan, 511 U.S. 825, 832-37 (1994). Mere negligence by prison officials does not implicate inmates' constitutional rights. Daniels v. Williams, 474 U.S. 327, 332 (1986).

Watkins fails to allege facts sufficient to satisfy either of the components of an Eighth Amendment claim. First, he fails to allege that anyone at the jail was aware of the air conditioner

leak that allegedly caused the puddle of water in which he slipped or had any notice that it created a risk of serious harm. Thus, he fails to state a claim that any jail official was deliberately indifferent to a serious risk, as required under Farmer, supra. Negligent failure by jail officials to notice the leak or the puddle or to recognize and alleviate any risk thereby created is not sufficient to implicate the Eighth Amendment.

Second, Watkins fails to allege that the fall caused him any serious injury. He merely states that he struck his head and shoulder against a wall, but offers no indication that he sought or needed medical treatment for these injuries or that he has any lasting pain or disability stemming from the fall. Therefore, he fails to state facts demonstrating a serious injury, as required under Strickler, supra.

For the stated reasons, the court concludes that plaintiff fails to allege facts stating any constitutional claim and that his complaint must be dismissed without prejudice accordingly, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of June, 2010.

/s/ Glen Conrad
United States District Judge